# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES I. WRIGHT,

    Plaintiff,

v.

OHIO CASUALTY GROUP INSURANCE CO. d/b/a OHIO CASUALTY GROUP,

    Defendant.

NO. 3:09-CV-0076

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Motion to Dismiss of Defendant Ohio Casualty Group Insurance Company d/b/a Ohio Casualty Group. (Doc. 3.) Defendant moves to dismiss two items of relief requested in Plaintiff James I. Wright's Complaint (Ex. A, Doc. 1). For the reasons set forth below, the Court will grant Defendant's motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 ("diversity jurisdiction").

## BACKGROUND

The allegations contained in Plaintiff's Complaint are as follows. Plaintiff was injured in an automobile accident on June 30, 2006. (Compl. ¶ 5, Ex. A, Doc. 1.) At the time, he had an automobile insurance policy issued by Defendant, covering the vehicle Plaintiff was driving when involved in the accident. (*Id.* ¶¶ 4, 5.) Defendant paid Plaintiff's medical expenses and lost wages for approximately one year following the accident. (*Id.* ¶ 7.) In November 2007, Defendant requested that Plaintiff submit to a medical examination by a doctor selected by Defendant. (*Id.* ¶ 8.) After this examination, Defendant ceased paying

first party benefits under the policy to Plaintiff. (*Id*. ¶ 9.) Plaintiff alleges that since termination of his benefits he has incurred, and continues to incur, reasonable and necessary medical expenses and lost wages which Defendant is obligated to pay, up to the limits of his policy. (*Id*. ¶¶ 10-13.)

Based on these allegations, Plaintiff makes the following prayer for relief:

WHEREFORE, Plaintiff prays for the entry of a decree:

(a) directing the defendant ... to pay Plaintiff's outstanding medical expenses plus interest and lost wages.

(b) directing the Defendant ... to resume paying Plaintiff's medical bills as they are submitted for payment and lost wages, subject to applicable policy limits, until further order of this Court;

(c) appointing an independent medical examiner to review Plaintiff's need for continued treatment on a periodic basis....

(*Id*. ¶ 19.)

Plaintiff filed his Complaint on December 19, 2008 in the Court of Common Pleas of Pike County, Pennsylvania. Defendant removed the action to this Court on January 15, 2009. (Doc. 1.) Defendant thereafter filed the instant Motion to Dismiss on January 20, 2009. (Doc. 3.) Defendant does not contest that Plaintiff may pray for the first above-listed item of relief, but moves to dismiss the latter two items, arguing that such relief is barred as a matter of law. The motion has been fully briefed and is ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1960 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court may consider the allegations in the complaint, exhibits attached to the complaint and matters of public record, including judicial proceedings. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *Scheuer v. Rhodes,*

3

416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *Id.* The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

Defendant argues that the relief available to Plaintiff in this action is dictated by Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL"). The MVFRL requires automobile insurers to provide first party benefits for "reasonable and necessary medical treatment and rehabilitative services" with respect to an injury arising out of maintenance or use of an insured vehicle. 75 Pa. Cons. Stat. § 1712. The statute also provides a mechanism by which an insurer may challenge the reasonableness and necessity of an insured's medical treatment. *Id*. § 1797(b). Section 1797(b) establishes a process under which an insurer may contract with a "peer review organization" ("PRO") to evaluate the treatment and/or services provided to an insured "for the purpose of confirming that such treatment, products, services or accommodations conform to the professional standards of performance and are medically necessary." *Id*. § 1797(b)(1). Section 1797 further outlines a remedial scheme where the PRO process is (or is not) utilized by an insurer:

> (2) PRO RECONSIDERATION.-- An insurer, provider or insured may request a reconsideration by the PRO of the PRO's initial determination. Such a request for reconsideration must be made within 30 days of the PRO's initial determination....
>
> (3) PENDING DETERMINATIONS BY PRO.-- If the insurer challenges within 30 days of receipt of a bill for medical treatment or rehabilitative services, the insurer need not pay the provider subject

4

to the challenge until a determination has been made by the PRO. The insured may not be billed for any treatment, accommodations, products or services during the peer review process.

(4) APPEAL TO COURT.-- A provider of medical treatment or rehabilitative services or merchandise or an insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a PRO. Conduct considered to be wanton shall be subject to a payment of treble damages to the injured party.

(5) PRO DETERMINATION IN FAVOR OF PROVIDER OR INSURED.-- If a PRO determines that medical treatment or rehabilitative services or merchandise were medically necessary, the insurer must pay to the provider the outstanding amount plus interest at 12% per year on any amount withheld by the insurer pending PRO review.

(6) COURT DETERMINATION IN FAVOR OF PROVIDER OR INSURED.-- If, pursuant to paragraph (4), a court determines that medical treatment or rehabilitative services or merchandise were medically necessary, the insurer must pay to the provider the outstanding amount plus interest at 12%, as well as the costs of the challenge and all attorney fees.

(7) DETERMINATION IN FAVOR OF INSURER.-- If it is determined by a PRO or court that a provider has provided unnecessary medical treatment or rehabilitative services or merchandise or that future provision of such treatment, services or merchandise will be unnecessary, or both, the provider may not collect payment for the medically unnecessary treatment, services or merchandise. If the provider has collected such payment, it must return the amount paid plus interest at 12% per year within 30 days. In no case does the failure of the provider to return the payment obligate the insured to assume responsibility for payment for the treatment, services or merchandise.

*Id*. § 1797(b).

Defendant invoked the PRO process by having a medical evaluation performed on

Plaintiff.[1] (Ex. 1, Doc. 7.) The evaluation concluded that Plaintiff had reached a maximum medical improvement regarding his injury and that the current state of the injury was caused by an incident unrelated to the June 30, 2006 automobile accident. (*Id*.) Based on the results of the evaluation, Defendant informed Plaintiff that it would no longer provide coverage for his medical bills or lost wages. (*Id*.)

Defendant argues that there is no basis for Plaintiff's requested remedies for the appointment of an independent medical examiner or a direction by the Court that Defendant pay all Plaintiff's future medical bills up to the policy limits. It argues that § 1797 provides the exclusive remedies in the present circumstances. In response, Plaintiff cites caselaw of district courts from this Circuit for the proposition that § 1797 does not preempt all disputes arising in the context of first party insurance coverage.

The cases cited by Plaintiff support the proposition that § 1797 does not provide the exclusive source of remedy where a plaintiff's claim falls outside the scope of the PRO process outlined therein. In *Grove v. Aetna Casualty & Surety Co.*, 855 F. Supp. 113, 115 (W.D. Pa. 1993), the court held that § 1797 did not preempt a statutory bad faith claim pursuant to 42 Pa. Cons. Stat. § 8371 where there was no dispute that the insured's treatment was medically necessary, but the parties disputed the causation of plaintiff's injuries. Numerous state and federal district courts in this Circuit have followed this reasoning and held that a statutory bad faith claim under § 8371 is not preempted by § 1797 where plaintiff's claim of bad faith rests on allegations that the insurer misused the PRO

---

[1] Plaintiff has filed as exhibits the report of his medical evaluation as well as Defendant's letter notifying Plaintiff of the termination of his first party benefits based on the evaluation. These items may therefore be properly considered by the Court in determining the instant motion.

process, for example to obtain a determination of causation rather than medical necessity or reasonableness.  *See, e.g., Schwartz v. State Farm Ins. Co.*, 1996 U.S. Dist. LEXIS 4994, at *11-*12 (E.D. Pa. Apr. 18, 1996); *see also Perkins v. State Farm Ins. Co.*, 589 F. Supp. 2d 559, 565 (M.D. Pa. 2008) (Jones, J.) (collecting cases).  Plaintiff also cites *Seeger v. Allstate Insurance Co.*, 776 F. Supp. 986 (M.D. Pa. 1991) (Caldwell, J.).  The court there held that a § 8371 claim was not preempted by § 1797 because defendant insurer questioned whether plaintiff's medical expenses were covered at all under the insurance policy because of a contractual exclusion, not whether they were medically necessary or reasonable.  *Id*. at 990.

The Court agrees with the analysis of Judge Jones in *Perkins* that the pivotal question in the line of cases considering the interaction of § 8371 and § 1797 is "whether Plaintiff's allegations fall within the purview of § 1797, thus invoking the remedies established therein...."  589 F. Supp. 2d at 566.  This is also the pivotal question here.  It is, indeed, a simple question of statutory interpretation; if Plaintiff's allegations are outside the scope of § 1797, the statute does not apply to limit his remedies.

The Court finds that Plaintiff's claim falls within the purview of § 1797, therefore invoking its remedial scheme.  Plaintiff does not raise a bad faith claim or a question of contract interpretation.  He simply raises a claim for the payment of first party benefits for his alleged reasonable and necessary medical expenses and appeals to this Court for a determination that Defendant is obligated to pay such expenses.  He raises no more than a claim for a judicial determination of the reasonableness and necessity of his disputed expenses.  This is precisely the type of claim the § 1797 remedial scheme addresses.

Plaintiff appears to raise the argument that his claim falls outside the scope of § 1797 because the PRO evaluation here improperly opined as to the cause of his injury. This Court agrees with decisions of sister courts concluding that the medical reasonableness or necessity of an injury is "conceptually distinct from the question whether that injury is causally related to a particular motor vehicle accident[,]" *Daumer v. Allstate Ins. Co.*, 1992 U.S. Dist. LEXIS 3386 (E.D. Pa. Mar. 18, 1992), and that the latter is a legal conclusion outside the statutory role of the PRO evaluation. However, Plaintiff does not seek to impose liability on Defendant *for* an improper use of the PRO process, as is often the case in a bad faith claim. As noted above, Plaintiff merely raises a claim for payment of first party benefits. To the extent that Defendant relied on a basis other than the reasonableness or necessity of his expenses in terminating his benefits, Plaintiff is entitled to challenge the refusal to pay in court pursuant to § 1797(b)(4). In other words, in such circumstances, a defendant has terminated payment without challenging the reasonableness or necessity of the expenses before a PRO. Such a result does not alter the conclusion that Plaintiff's claim for first party benefits falls within the purview of § 1797.

## CONCLUSION

Because the Court finds that Plaintiff's claim for first party benefits falls within the scope of § 1797, he is limited to the remedial scheme outlined therein. The Court will therefore grant Defendant's motion to dismiss sections (b) and (c) of Plaintiff's prayer for relief, found in paragraph nineteen (19) of the Complaint (Ex. A, Doc. 1).

8

An appropriate Order follows.

April 27, 2009 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JAMES I. WRIGHT,

    Plaintiff,

    v.

OHIO CASUALTY GROUP INSURANCE
CO. d/b/a OHIO CASUALTY GROUP,

    Defendant.

NO. 3:09-CV-0076

(JUDGE CAPUTO)

**ORDER**

**NOW**, this  27th  day of April, 2009, **IT IS HEREBY ORDERED** that the Motion to Dismiss of Defendant Ohio Casualty Group Insurance Company d/b/a Ohio Casualty Group (Doc. 3) is **GRANTED**.

                                        /s/ A. Richard Caputo
                                        A. Richard Caputo
                                        United States District Judge